## STATE VS. FORD.

*Larceny: Strength of evidence—Proof of genuineness of treasury notes.*

1. In a prosecution for larceny, it was not error for the court to refuse to charge the jury that "the evidence in this class of cases, to authorize a conviction, must be such as will exclude every theory and hypothesis except that of the guilt of the defendant." The true rule is, merely, that the evidence must be such as to satisfy the jury, beyond a reasonable doubt, of the *defendant's* guilt.
2. Where the alleged larceny was of treasury notes, and a witness testified that each of them was worth the sum in and by it promised to be paid, the jury might reasonably infer from this testimony that the notes were *genuine.*

APPEAL from the Circuit Court for *Winnebago* County.

Indictment for larceny of certain articles of clothing and of certain United States treasury notes, the values of which are specified. The caption was as follows : " State of Wisconsin, Winnebago county, ss. Be it remembered that at a term of the circuit court, begun and holden at the court house in the city of Oshkosh, within and for the county of Winnebago and state of Wisconsin, on the second Monday of March, in the year of our Lord one thousand eight hundred and sixty-six, the grand jurors, good and lawful men for the state of Wisconsin, within and for the body of the county of Winnebago, duly empanneled, sworn and charged, upon their oaths present," &c.

A motion to quash the indictment for defects in the caption, and on other grounds, was denied.

The court refused to instruct the jury, as requested by the defendant, that the evidence in this cause, to authorize a conviction, must be such as will exclude every theory and hypothesis except that of the guilt of the defendant. At defendant's request the jury were instructed, that in the case of larceny of bank bills, it is necessary for the state, to make out a case, to show affirmatively that the bills alleged to have been stolen were issued by authority of law, and had some value on account of their genuineness." The court then further instructed the jury, that if they believed the testimony of Greenman (the prosecuting witness), there was evidence from which they might find the genuineness and value of the bills alleged to have been stolen; that the testimony of said Greenman, that the bills were worth $10 each, and $5 each, &c., was evidence upon those points.

The jury found the defendant guilty; and a motion to set aside the verdict and for a new trial, being denied, and judgment rendered upon the verdict, the defendant appealed.

*C. Coolbaugh*, for the defendant:

1. The caption is defective. (1.) It should state the day of the month at which the term of the court was holden. 1 Chitty's Cr. Law, 329; 4 Bac. Abr., 331; 2 Hawkins' P. C., 350, sec. 127. (2.) It should state the name of the judge presiding. Whart. Prec., 1 and 3; 1 Chitty, 331; 2 Hale's P. C., 166; 5 Halsted (N. J.), 349. (3.) It should state the names of the grand jurors. Whart. Prec., 1 and 3; 6 Halsted, 203. 2. The instruction refused ought to have been given. 3 Greenl. Ev., § 29. 3. The instruction given at defendant's request should not have been qualified as it was by the additional charge of the court. *People v. Caryl*, 12 Wend., 547; *Johnson v. People*, 4 Denio, 364; *Low v. People*, 2 Parker, 37; 2 Bishop's Crim. Proc., § 689, note 5; *Stewart v. Commonwealth*, 4 Serg.

& R., 194; *Crawford v. The State*, 2 Ind., 132; *State v. Dobson*, 3 Harrington, 563; *Corbett v. The State*, 31 Ala., 329–40.

*The Attorney General, contra.*

DOWNER, J.   The defendant assigns for error the refusal of the circuit court to instruct the jury " that the evidence in this class of cases, to authorize a conviction, must be such as will exclude every theory and hypothesis except that of the guilt of the defendant." The true rule is, that the testimony must be such as to satisfy the jury beyond a reasonable doubt that the prisoner is guilty, or it is their duty to acquit. The law does not require it to be such as to exclude every possible doubt, or every imaginary theory except that of the defendant's guilt. There was no error in refusing the instruction.

The defendant also contends that that part of the charge of the judge in which he told the jury " that if they believed the testimony of Greenman, there was evidence from which they might find the genuineness and value of the bills alleged to have been stolen—that his testimony that the bills were worth ten dollars each, and five dollars each, is evidence on those points." The testimony, in substance, was, that the notes were United States treasury notes, and each was worth the sum in and by it promised to be paid; and from this we think the jury might reasonably find they were genuine.

Several objections were made to the caption of the indictment, and to the indictment itself, none of which we deem it necessary particularly to notice, as it appears to us they are clearly untenable.

*By the Court.*—Judgment affirmed.